IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DANIEL LEWIS WEIMER, PLAINTIFF )
PRO SE, )
 )
 )
    Plaintiff, )
 )
    v. )  Civil Action No. 12-1586
 )
B.I. VANORSDALE OFFICER AND )
JOSEPH MANCHINI GOVERNOR, )
BUILDING EAST )
1900 KANAWHA, CHARLESTON WV )
25305, )
 )
    Defendants. )

MEMORANDUM AND ORDER

Gary L. Lancaster,                              November 9, 2012
Chief Judge.

    Before the court are plaintiff's motion for leave to proceed <u>in forma pauperis</u> and <u>pro se</u>. For the reasons that follow, plaintiff's motion will be granted and his complaint dismissed with leave to amend.

I.    BACKGROUND

    Plaintiff's <u>pro se</u> complaint appears to allege a conspiracy between defendants to deprive him of various federal rights. The complaint, which consists of six numbered paragraphs, claims that defendant Vanorsdale is a "federal safety officer" and that he "wants others to operate in conspiracy, such as court

1

officials." [Doc 1-1 at ¶¶ 1, 2.] Plaintiff further alleges that Vanorsdale "lost at [a] hearing [in] [Morgan] County by doing same." [Id. at ¶ 4.] In support of his allegations, plaintiff attached to his petition a photocopy of the Federal Motor Carrier Safety Regulations detailing the exemption for farm vehicle drivers. [Doc. 1-2 at *2; see also 49 C.F.R. § 390.5.] In his Motion for Leave to Proceed In Forma Pauperis (but not in his complaint), plaintiff avers that he is a self-employed farmer with an income of $700 per month. [Doc. No. 1.] Plaintiff's complaint also names former West Virginia Governor Joseph Manchin as a defendant; the allegations, however, refer solely to Vanorsdale.

As relief, plaintiff requests the imposition of sanctions and money damages. [Id. at ¶ 5.] The complaint does not plead any other facts.

II. STANDARD OF REVIEW

Congress has authorized the federal courts to allow a party to proceed with the commencement, prosecution, or defense of an action in forma pauperis. 28 U.S.C. § 1915(a).

In enacting section 1915, Congress granted the courts an extra measure of authority when evaluating an in forma pauperis action. Under that section, the court shall dismiss such an action if it determines any of the following: (1) that the

2

action is frivolous or malicious; (2) that the action fails to state a claim on which relief may be granted; or (3) that the action seeks monetary relief against a defendant who is immune from such relief. Id. at §§ 1915(e)(2)(B)(i)-(iii). If it so finds, the court may dismiss a claim sua sponte, even before the summons issues. Johnstone v. United States, 980 F. Supp. 148, 150 (E.D.Pa. 1997). However, "prior to dismissing a pro se complaint under § 1915(e), a district court must give the plaintiff an opportunity to amend his pleading to cure the defect unless such an amendment would be futile or prejudicial." Hudson v. McKeesport Police Chief, 244 Fed.Appx. 519, 521 (3d Cir. 2007).

Like complaints filed in other civil actions, the complaints of plaintiffs proceeding in forma pauperis "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Rodenbaugh v. Gulf Ins., 414 Fed.Appx. 398, 400 (3d Cir. 2011)(quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)); see also 28 U.S.C. § 1915(e)(2)(B)(ii). Under Federal Rule of Civil Procedure 8(a)(2), "a pleading must contain a short and plain statement of the claim showing that the pleader is entitled to relief." Iqbal, 556 U.S. at 677-78 (2009). While this pleading standard "does not require detailed factual allegations," it does demand "more than an unadorned, the-defendant-unlawfully-harmed-me

3

accusation" and "naked assertion[s] devoid of further factual enhancement." Id. at 678. This requirement is designed to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 545 (2007)(quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

Although the court should "construe submissions from a pro se litigant liberally and hold them to less stringent standards than formal pleadings drafted by lawyers," pro se litigants must still satisfy the threshold requirements of the federal pleading rules. Haines v. Kerner, 404 U.S. 519, 520 (1972); Rodenbaugh, 414 Fed.Appx. at 400.

III. DISCUSSION

    A.  Motion for Leave to Proceed In Forma Pauperis

We first address plaintiff's motion for leave to proceed in forma pauperis.

In allowing plaintiffs to proceed in forma pauperis, Congress recognized the public policy concern that persons who are unable to pay fees or give security should be permitted to prosecute or defend actions that affect their legal rights. Here, plaintiff completed this court's form for proceeding in court without prepaying fees or costs and indicated that he earns $700 per month as a self-employed farmer and has only

4

$7,190 in total assets. [Doc. No. 1]. Because it appears that plaintiff is unable to pay the costs associated with commencing this action, we will grant him leave to proceed in forma pauperis.

B. Complaint

Plaintiff's complaint pleads only the following: that defendant Vanorsdale "is a federal security officer," that he "wants others to operate in conspiracy," and that he "lost at [a] hearing [in] [Morgan] County by doing same." Although former West Virginia Governor Joseph Manchin is also named as a defendant, he is not mentioned anywhere in the complaint's six paragraphs, and the only reference to there being more than one defendant occurs in the complaint's concluding declaration that "this court must not allow such a person's to falsify information to any court in the United States of America." Most importantly, the complaint does not plead anything whatsoever as to what defendants allegedly did that caused plaintiff any injury. Without these basic facts, plaintiff cannot satisfy the pleading requirements of Rule 8(a)(2). Defendants have no notice of what it is they are supposed to have done and cannot mount a defense or issue a response to the complaint. Thus, the court will dismiss plaintiff's complaint for failure to state a claim upon which relief can be granted, but it will grant him

5

leave to amend.

III. CONCLUSION

For the foregoing reasons, the court will grant plaintiff's motion for leave to proceed in forma pauperis, but will dismiss his complaint for failure to state a claim upon which relief may be granted. Plaintiff will be granted leave to amend.

An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DANIEL LEWIS WEIMER, PLAINTIFF PRO SE, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil Action No. 12-1586 ) |
| B.I. VANORSDALE OFFICER AND JOSEPH MANCHINI GOVERNOR, BUILDING EAST 1900 KANAWHA, CHARLESTON WV 25305, | ) ) ) ) ) ) |
| Defendants. | ) |

### ORDER

AND NOW, this 9th day of November, 2012, upon consideration of plaintiff's motion for leave to proceed in forma pauperis, said motion is GRANTED. It is FURTHER ORDERED that plaintiff's complaint is DISMISSED, without prejudice.

BY THE COURT:

_____, C.J.
Hon. Gary L. Lancaster,
Chief United States District Judge